<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Civil Action No. 08-5713 (SRC) (MAS) |
| v. | |
| MERRILL LYNCH COMMERCIAL FINANCE CORP. et al., | **OPINION** |
| Defendants. | |
| MERRILL LYNCH COMMERCIAL FINANCE CORP., | |
| Third-Party Plaintiff, | |
| v. | |
| ANTHONY MINERVINI, CHARLES BECKER, and FRANK VICARI, | |
| Third-Party Defendants. | |

**<u>CHESLER</u>, U.S.D.J.**

This matter comes before the Court on two motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56: 1) the motion for summary judgment by the United States of America (the "Government"); and 2) the motion for summary judgment by Merrill Lynch Commercial Finance Corp. ("Merrill Lynch"). For the reasons set forth below, the Government's motion will be denied and Merrill Lynch's motion will be granted.

This case concerns a dispute arising out of a bankruptcy proceeding (In re: Patriot Contracting Corporation, No. 05-33190, (Bankr. D.N.J.))  In brief, the Amended Complaint states that "the United States seeks to enforce federal tax liens against funds defendant Merrill Lynch [] received pursuant to an Order entered on August 16, 2005 in the Bankruptcy Case of Patriot Contracting Corp."  (Am. Compl. ¶ 1.)  In the Bankruptcy Court's Order of August 16, 2005 (the "Cash Collateral Order"), the debtor was authorized to make use of certain cash collateral.  (Am. Compl. ¶ 16.)  Pursuant to the Cash Collateral Order, the debtor turned over approximately $800,000 to Merrill Lynch.  (Am. Compl. ¶ 17.)

On October 28, 2005, the Government filed a motion to deny use of cash collateral or, in the alternative, for adequate protection (the "Adequate Protection Motion.")  On March 28, 2006, the Bankruptcy Court issued an Opinion and Order denying this motion.  The Bankruptcy Court denied the motion on the ground of the doctrine of *res judicata*:

> As a consequence of its lackadaisical position regarding the Debtor's application to use cash collateral, the Final Cash Collateral Order has become a final order for *res judicata* purposes, and the IRS cannot now challenge that Order through a subsequent motion.

In re: Patriot Contracting Corp., Bankruptcy Case No. 05-33190, Opinion of March 28, 2006 at 7 (the "Adequate Protection Opinion.")  The Bankruptcy Court agreed with the debtor that the IRS's motion should be denied as an improper collateral attack on a final order.  (Adequate Protection Opinion at 5.)  The Government then appealed the Bankruptcy Court's Order of March 28, 2006 to the District Court.

The District Court dismissed the appeal for lack of jurisdiction.  I.R.S. v. Patriot Contracting Corp., 2007 WL 433392 (D.N.J. February 07, 2007) (the "2007 Case.")  The Court

2

explained:

> [T]he issue of whether Patriot should be permitted to use cash collateral was conclusively determined by the Bankruptcy Court's August 16, 2005 Final Cash Collateral Order.  As such, the Court disagrees with the IRS's argument that "the Bankruptcy Court's [March 28, 2006] Order conclusively determined a discrete dispute: it determined that the debtor was able to use cash collateral that the United States claimed was subject to its federal tax liens; and in so ruling, it determined that the Internal Revenue Service had no lien against the debtor's assets." (IRS Resp. to Order to Show Cause at 5).  Rather, the Court finds that the IRS's October 28, 2005 Adequate Protection Motion was more akin to an untimely appeal or motion for reconsideration of the Bankruptcy Court's August 16, 2005 Final Cash Collateral Order, and that Judge Steckroth's March 28, 2006 Order is merely a denial of same on the basis that any such request was untimely, and that all of the issues raised by the IRS had already been conclusively determined in the prior proceeding.

Id. at *4.  The Court proceeded to consider, in the alternative, the merits of the IRS's appeal.  Id. at *5.  After discussing the Third Circuit's law regarding *res judicata*, the Court stated: "The Court finds that the August 16 Final Cash Collateral Order constitutes a final judgment for purposes of *res judicata*."  Id. at *8.  The Court, citing Board of Trustees of Trucking Employees of New Jersey Welfare Fund, Inc.-Pension Fund v. Centra, 983 F.2d 495, 504 (3d Cir. 1992), applied the three prerequisites for application of *res judicata* set forth in that case by the Third Circuit.  Id. at *8-*9.

The Court's discussion of the third requirement is especially relevant to the instant case.  The Court stated that, in deciding whether two suits are based on the same cause of action, it took a "broad view."  Id. at *9.  The Court continued:

> Because Patriot's Cash Collateral Motion and the IRS's Adequate Protection Motion both relate to the issue of whether Patriot should be permitted to use cash collateral, this Court determines that both legal claims arise out of the same cause of action for purposes of *res judicata*.

Id.  The Court affirmed the Bankruptcy Court's holding on the basis of *res judicata*.  Id. at *12.

The Government filed a notice of appeal. On May 14, 2007, the Third Circuit ordered the appeal dismissed under Federal Rule of Appellate Procedure 42(b), pursuant to the agreement of the parties.

In May of 2007, the Government filed an adversary proceeding in the Patriot bankruptcy case in which it sought to assert the priority of its federal tax liens in regard to the money turned over to Merrill Lynch. The Bankruptcy Court dismissed the bankruptcy case in September of 2007, and closed the adversary proceeding a week later. On November 19, 2008, the Government filed the Complaint which initiated the instant action.

The Amended Complaint, filed on December 16, 2008, asserts two claims. Count I states: 1) that the Government has a superior interest in the funds turned over to Merrill Lynch under the Cash Collateral Order, and that Merrill Lynch wrongfully exercises control and dominion over these funds; and 2) that Merrill Lynch has tortiously interfered with the federal tax liens against Patriot and converted these funds. Count II asserts that Merrill lynch acquired the funds subject to the Government's tax liens on them, and that the Government is entitled to foreclose the tax liens.

Each party has filed a motion for summary judgment. The Government moves for summary judgment on its claim of conversion and on the issue of its superior interest in the funds transferred to Merrill Lynch. In opposition, and in its motion for summary judgment, Merrill Lynch contends that all these issues are precluded under the doctrine of *res judicata*. In opposition to Merrill Lynch's motion, the Government disputes that any preclusion doctrine bars this litigation of these issues. These motions turn on purely legal issues. There are no factual disputes, and these issues may be decided by the Court as a matter of law.

"Claim preclusion bars a party from litigating a claim that it could have raised or did raise in a prior proceeding in which it raised another claim based on the same cause of action." Corestates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 191 (3d Cir. 1999). As Merrill Lynch states, when deciding questions of claim preclusion, the Third Circuit applies the three-prong test stated in Centra: "Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." Centra, 983 F.2d at 504. The Government does not dispute the second prong, but contends that the first and third requirements have not been met.

As to the first element, a final judgment on the merits in a prior suit, Merrill Lynch asserts that the Cash Collateral Order meets this requirement or, in the alternative, that the judgment in the 2007 case meets this element. The Government disagrees on the first point and is silent on the second.

The key to the analysis of the first element lies in the recognition that two different levels of *res judicata* analysis exist here, relating to two related but legally distinct questions: 1) the question of whether the Cash Collateral Order constitutes a final judgment on the merits; 2) the question of whether the District Court's decision in the 2007 Case constitutes a final judgment on the merits with regard to the first question.

This Court need not reach the first question. Indeed, this Court may not reach the first question, because that question was litigated in the 2007 Case and decided by the District Court. As noted above, the Opinion of February 7, 2007 stated this plainly: "The Court finds that the August 16 Final Cash Collateral Order constitutes a final judgment for purposes of *res judicata*." 2007 WL 433392 at *8. When the Third Circuit dismissed the appeal of this decision on May

5

14, 2007, the decision became absolutely final. Whether the District Court's determination is right or wrong – and this Court does not suggest that it might be wrong – is immaterial, because it may no longer be litigated. The parties conclusively litigated the first question in the 2007 Case, and they are precluded from relitigating the matter: it is *res judicata*.

The Government's brief in opposition to Merrill Lynch's motion for summary judgment fails to recognize that the *res judicata* analysis has two levels. The brief is devoted entirely to rearguing the first question of whether the Cash Collateral Order was a final judgment for *res judicata* purposes. The Government fails to recognize that, as explained above, this question was conclusively determined by the District Court in the 2007 Case. The first requirement for claim preclusion, a final judgment on the merits, has been met.

As to the third element for claim preclusion, a subsequent suit for the same cause of action, Merrill Lynch contends that the factual underpinnings of the cases are the same, as are the legal theories, and the relief sought. In opposition, the Government argues that this case is not the same cause of action. Aside from case citations, the Government offers its argument in these two sentences:

> In the Patriot Contracting bankruptcy case, the government filed a motion seeking to preclude Patriot Contracting from using its cash or for adequate protection of its liens. Here, by contrast the government asserts that its tax liens have priority over Merrill Lynch's interests in property Merrill Lynch received during Patriot's bankruptcy case.

(Pl.'s Opp. Br. 7.) This appears to miss the point.

The Third Circuit has articulated the principles to apply when the inquiry into the third element involves comparing a civil case with a bankruptcy case:

> We have elaborated on the third element of the *Centra* test, both in general and in

> the context of bankruptcy proceedings.  In deciding whether two suits are based on the same "cause of action," we take a broad view, looking to whether there is an "essential similarity of the underlying events giving rise to the various legal claims." United States v. Athlone Indus., 746 F.2d 977, 984 (3d Cir. 1984); see also Restatement (Second) of Judgments § 24 cmt. a ("The present trend is to see claim in factual [as opposed to legal] terms and to make it coterminous with the transaction regardless of the number of substantive theories . .. that may be available to the plaintiff . . . ."); id. cmt. b ("In general, the expression ['transaction'] connotes a natural grouping or common nucleus of operative facts.").  Because a "bankruptcy case" is fundamentally different from the typical civil action, however, comparison of a bankruptcy proceeding with another proceeding is not susceptible to the standard res judicata analysis.  "Rather, we scrutinize the totality of the circumstances in each action and then determine whether the primary test of *Athlone*, i.e., essential similarity in the underlying events, has been satisfied." Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 419 n.5 (3d Cir. 1988).

Corestates, 176 F.3d at 194.  Thus, this Court must scrutinize the totality of the circumstances in each action and then determine whether there is essential similarity in the underlying events.

At best, the Government's argument briefly touches the surface of this analysis.  This Court finds that there is essential similarity in the underlying events in each action: the underlying events concern the motion to obtain the Cash Collateral Order, the issuing of that Order, and the execution of that Order.  There is no difference between the events underlying the Cash Collateral Order in the bankruptcy case, and the events underlying the Amended Complaint in the instant case.  The Government has shown no distinction between these two sets of events.

Moreover, again, this Court is not free to determine the third element anew, but must consider it in light of what was determined in the 2007 Case.  The District Court held: "Because Patriot's Cash Collateral Motion and the IRS's Adequate Protection Motion both relate to the issue of whether Patriot should be permitted to use cash collateral, this Court determines that both legal claims arise out of the same cause of action for purposes of *res judicata*."  2007 WL

433392 at *9.  Thus, in analyzing the third element, this Court does not start from a blank slate. Rather, the District Court made a decision which establishes the scope of the events underlying the Cash Collateral Motion.

The District Court's decision does not articulate the exact bounds of this scope, but it does make clear that the scope is fairly broad, broad enough that the District Court found essential similarity with the events underlying the Adequate Protection Motion.  This Court finds that, however one might articulate the bounds of this scope, the events underlying the instant case are essentially similar to the events which underlie the Cash Collateral Motion and the Adequate Protection Motion.  The District Court's determination of essential similarity of the events underlying these two motions implies that the events underlying the claims of the IRS on the assets transferred to Merrill Lynch are essentially similar to the events underlying the Cash Collateral Motion.  The heart of the instant case is the claim of the IRS that its interest in those assets is superior to that of Merrill Lynch.  This Court perceives no material difference between the events underlying the Adequate Protection Motion and the events underlying the instant case. The District Court's determination of essential similarity regarding the former compels the same conclusion as to the latter.

Moreover, the District Court's only statement about the essential similarity leads to the same inference.  The District Court explained that both motions relate to the issue of whether Patriot should be permitted to use cash collateral.  2007 WL 433392 at *9.  The issue of whether Patriot should be permitted to use cash collateral necessarily relates to the claims of the IRS and Merrill Lynch on its assets.  One cannot reasonably say that the instant case does not essentially relate to the issue of whether Patriot should be permitted to use cash collateral, since the IRS is

8

here suing to undo the Bankruptcy Court's decision about how Patriot could use its cash collateral. In fact, the very first sentence of the Amended Complaint states this clearly: referring to the Cash Collateral Order, in which the Bankruptcy Court allowed Patriot to use cash collateral to pay Merrill Lynch, the United States seeks to enforce tax liens against the funds transferred pursuant to that Order. (Amended Compl. ¶ 1.) The third *res judicata* requirement of essential similarity of underlying events has been met.

The Government cites two bankruptcy court cases in which courts refused to give *res judicata* effect to cash collateral orders, Geltzer v. Gametech Investors LLC (In re Broadway City, LLC), 358 B.R. 628 (Bankr. S.D.N.Y. 2007), and Bunch v. J.M. Capital Fin., Ltd. (In re Hoffinger Indus.), 321 B.R. 515 (Bankr. E.D. Ark. 2005). These cases are not controlling authority, but are interesting by way of contrast. In Geltzer, the court distinguished the cash collateral motion from a subsequent action on the basis of the legal issues, not on an underlying events analysis. 358 B.R. at 636. Moreover, the court stated that Gametech had not, at the time of the cash collateral order, been a party to the bankruptcy, which makes this case quite different from the instant case and inapposite. Id. at 634. Similarly, in Bunch, even though the court cited law requiring a comparison of factual predicates, the analysis was based on distinguishing the legal issues, not the underlying events. 321 B.R. at 519. Neither of these cases applied the Third Circuit's "broad view of what constitutes identity of causes of action." Athlone, 746 F.2d at 984.

Furthermore, it is worth pointing out the obvious: the history of this litigation is one in which the Government has repeatedly missed opportunities to litigate. It might have litigated the original Cash Collateral motion, but didn't; according to the District Court in the 2007 Case, it might have made its improper service arguments to the Bankruptcy Court in a timely fashion, but

9

didn't (2007 WL 433392 at *6); according to the Bankruptcy Court, it might have filed a notice of appeal or a motion for reconsideration of the Cash Collateral Order, but didn't (Adequate Protection Opinion at 6); and it might have pursued its appeal to the Third Circuit in the 2007 Case, but didn't.  Our federal legal system should not, and does not, provide unlimited opportunities for a litigant to make up for missed opportunities.  The twin goals of finality and efficiency require the imposition of limits.

These goals also underlie the doctrine of the law of the case.  Although Merrill Lynch has not advanced an argument based on the law of the case, the instant case brings to mind the policies on which that doctrine is based:

> The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation. . . Because it prevents courts from entertaining endless appeals on the same issue, the doctrine promotes finality and judicial economy.

Public Interest Research Group v. Magnesium Elektron, 123 F.3d 111, 116 (3d Cir. 1997).  This quote applies quite well to the instant case.  This Court has refrained from re-deciding issues that were resolved earlier in the litigation.  In the interest of finality and economy, this Court will not entertain appeals on fully litigated issues.

In Athlone, the Third Circuit explained the policy that informed its broad view regarding the third element of *res judicata*: "We are thus in keeping with the present trend [] in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence."  Athlone, 746 F.2d 977 at 984.  Clearly, the underlying goal is judicial efficiency.  The Government, in contrast, is now on its second lawsuit regarding the single transaction of the Cash Collateral Order.  There is simply no way to justify

this woefully inefficient use of judicial resources.  It does not pass muster under this policy of requiring that a plaintiff present all claims arising out of a single transaction in a single suit.

The requirements for a finding of *res judicata* have been met.  This case is barred under the doctrine of *res judicata*.  Merrill Lynch has demonstrated that it is entitled to judgment as a matter of law, and its motion for summary judgment will be granted.  The Government has not demonstrated that it is entitled to judgment as a matter of law, and its motion for summary judgment will be denied.

## CONCLUSION

For the reasons stated above, Merrill Lynch has shown that it is entitled to judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 56.  Its motion for summary judgment is granted, and Judgment on all claims in the Amended Complaint is hereby in entered in Defendants' favor.  The Government's motion for summary judgment is denied.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated: August 4, 2010